IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOSE ARMANDO MIRANDA, | ) | CIVIL NO. 14-00536 LEK-RLP |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DENY PETITION UNDER 28 U.S.C. |
| vs. | ) | § 2241 FOR A WRIT OF HABEAS |
| | ) | CORPUS |
| WARDEN RAY ORMOND, DEPARTMENT | ) | |
| OF HOMELAND SECURITY, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY PETITION
UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS[1]

Before the court is Petitioner Jose Armando Miranda's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus ("Petition"). ECF No. 1. Petitioner alleges that his continued detention violates federal law and his constitutional rights. Respondent filed his Response to the Petition on April 29, 2015. ECF No. 5. Although Petitioner was permitted until May 14, 2015, to file a reply, he did not do so. See ECF No. 4.

BACKGROUND

Petitioner, a citizen of El Salvador, was previously removed to El Salvador on October 2, 2013. See ECF No. 5-1, Written Decision and Order of the Immigration Judge, Aug. 28,

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

2014, at 3.  Petitioner had a pending appeal with the Ninth Circuit at the time of his removal.  Id.  Petitioner re-entered the United States without authorization in December 2013 while his appeal was still pending and was taken into custody at that time.  Id.

While Petitioner was in custody, the Ninth Circuit remanded Petitioner's case to the Board of Immigration Appeals ("BIA").  See ECF No. 1-10, Written Decision and Order of the Immigration Judge, Mar. 7, 2014, at 1 n.1.  Based on this remand, the Immigration Judge ("IJ") found that Petitioner was eligible for a bond redetermination hearing under 8 U.S.C. § 1226(a), which was held on March 6, 2014.  Id. at 2.  Petitioner was denied bond.  Id. at 7.  Petitioner did not appeal the decision of the IJ to deny bond to the BIA.

Following the bond redetermination, the BIA remanded Petitioner's case to the immigration court on June 9, 2014.  See ECF No. 5-2, Decision of the BIA, June 9, 2014, at 4.  On August 28, 2014, the IJ denied Petitioner's applications for asylum, withholding of removal, protection under the Convention Against Torture, and cancellation of removal, and ordered that Petitioner be removed from the United States.  See ECF No. 5-1, Written Decision and Order of the IJ, Aug. 28, 2014, at 36.  The BIA dismissed Petitioner's appeal of that decision on February 18, 2015.  See ECF No. 5-3, Decision of the BIA, Feb. 18, 2015, at 4-

8. Petitioner filed a petition for review with the Ninth Circuit on March 20, 2015, and that appeal remains pending in the Ninth Circuit. See Miranda v. Lynch, Case No. 15-70875 (9th Cir. 2015). On April 29, 2015, Petitioner filed a motion for a stay of removal in the Ninth Circuit. See id., Emergency Motion to Stay Removal, filed Apr. 29, 2015, ECF No. 6. By operation of Ninth Circuit General Order 6.4(c)(1)(3), a temporary stay of removal is in effect pending further order of the Ninth Circuit. See id., Docket Entry dated Apr. 29, 2015, ECF No. 7. The government's response to Petitioner's motion to stay removal is due on May 27, 2015. Id.

Here, Petitioner challenges the decision of the IJ that denied Petitioner release on bond. See ECF No. 1 at 1. First, Petitioner contends that the IJ improperly determined that he was a flight risk. Id. at 4. Second, Petitioner contends that he should be released because his family needs him for support. Id. at 5. Third, Petitioner argues that the decision to detain him was based on an erroneous determination that he is a danger to the community. Id. at 6-7. Fourth, Petitioner asserts that his due process rights were violated because he was denied the opportunity to demonstrate that he should not be detained. Id. at 8.

## DISCUSSION

Pursuant to 28 U.S.C. § 2241, the district court may

grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he Fifth Amendment entitles aliens to due process of law in deportation proceedings." Demore v. Kim, 538 U.S. 510, 523 (2003) (citations omitted). "Even where detention is permissible, however, due process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" Casas-Castrillon v. DHS, 535 F.3d 942, 950 (9th Cir. 2008) (quoting Zadvydas v. Davis, 533 U.S. 678, 690 (2001)). As detailed below, the Court finds that Petitioner is detained under 8 U.S.C. § 1226(a), he has failed to exhaust his administrative remedies, and, even putting aside exhaustion, his challenges to the bond determination fail. Accordingly, the Court RECOMMENDS that the habeas petition be DENIED.

**A. Petitioner is Currently Detained Under 8 U.S.C. § 1226(a).**

"The statutory scheme governing the detention of aliens in removal proceedings is not static; rather, the Attorney General's authority over an alien's detention shifts as the alien moves through different phases of administrative and judicial review." Casas-Castrillon, 535 F.3d at 945. Before removal

4

proceedings are completed, the Attorney General has the discretionary authority to detain or release an alien under Section 1226(a). See 8 U.S.C. § 1226(a)[2]. After removal proceedings have been completed, the detention or release of an alien is governed by Section 1231(a), which mandates detention during the 90-day "removal period." See 8 U.S.C. § 1231(a)(1)-(2).

Here, Respondent argues that the Court should deny the Petition because the removal period has already begun and, therefore, Petitioner's detention is mandatory under Section 1231(a) and is presumptively reasonable for six months. See ECF No. 5 at 4-5. The Court disagrees that the removal period under Section 1231(a) has commenced. Under Section 1231(a)(1)(B), the removal period begins on the latest of: (i) the date the order of removal becomes administratively final; (ii) the date of the court's final order if the removal order is judicially reviewed and if the court orders a stay of the removal; or (iii) the date the alien is released from detention or confinement, except under

---

[2] Section 1226(a) states in relevant part:
On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
    (1) may continue to detain the arrested alien; and
    (2) may release the alien on—
        (A) bond . . . ; or
        (B) conditional parole . . . .
8 U.S.C. § 1226(a).

5

an immigration process. 8 U.S.C. § 1231(a)(1)(B). Respondent argues that the removal order became administratively final on February 18, 2015, therefore, the 90-day removal period began to run at that time. However, this argument ignores the fact that Petitioner has been granted a temporary stay of removal pending a decision on his motion for a stay of removal in conjunction with his pending appeal in the Ninth Circuit. See Miranda v. Lynch, Case No. 15-70875, Docket Entry dated Apr. 29, 2015, ECF No. 7. Respondent does not provide any authority to support its argument that a temporary stay granted pursuant to Ninth Circuit General Order 6.4(c)(1) does not qualify as a "a stay of the removal" under Section 1231(a)(1)(B)(ii). Instead, Respondent asserts that the Ninth Circuit has not expressly so ruled. See ECF No. 5 at 6. Based on the plain language of the statute, the Court finds that the removal period has not begun because Petitioner has sought review in the Ninth Circuit, the court has ordered a stay of removal, and has not yet issued a final order.[3] See 8 U.S.C. § 1231(a)(1)(B)(ii); see also Pineda v. ICE Field Office

---

[3] The Court recognizes that the Petitioner's status within the framework of Section 1226(a) and 1231(a) may change even before the district court rules on this Findings and Recommendation. If the Ninth Circuit issues an order regarding the temporary stay or the pending petition for review, the mandatory detention under Section 1231(a)(2) may be triggered. However, at this time, the Court finds that Petitioner is being detained under Section 1226(a). See Casas-Castrillon, 535 F.3d at 945-46 (stating that "the task of determining where an alien falls within this scheme [is] particularly difficult for a reviewing court, because the Attorney General's authority over the alien can present a moving target").

Director, No. C13-1672-RSL, 2014 WL 1338070, at *3 (W.D. Wash. Mar. 27, 2014) (holding that petitioner did not enter the removal period until after the Ninth Circuit terminated the temporary stay and dismissed the appeal). The Court finds that Petitioner is being detained under Section 1226(a).

**B. Petitioner Failed to Exhaust His Administrative Remedies.**

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). When determining whether to require prudential exhaustion, courts consider whether "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (quoting Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003)). However, waiver of exhaustion may be appropriate "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir.

2004) (quoting S.E.C. v. G.C. George Sec., Inc., 637 F.2d 685, 688 (9th Cir. 1981)). When a petitioner fails to exhaust prudentially required administrative remedies and exhaustion is not waived, "a district court should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011).

Here, Petitioner did not appeal the IJ's bond determination to the BIA; accordingly, he has not exhausted his administrative remedies. See 8 C.F.R. § 236.1(d); Prieto-Romero v. Clark, 534 F.3d 1053, 1058 (9th Cir. 2008) (noting that a pre-final removal order alien may appeal an immigration judge's bond determination under Section 1226(a) to the BIA). The Court finds that the factors articulated above weigh in favor of prudential exhaustion and none of the reasons to waive exhaustion are present. Accordingly, Petitioner is required to exhaust his administrative remedies before seeking habeas relief in the district court. The Court recommends dismissing the Petitioner without prejudice. See Leonardo, 646 F.3d at 1160. However, as discussed below, even if exhaustion were waived, Petitioner's challenge to the bond determination fails.

**C. Even Putting Aside the Issue of Exhaustion, Petitioner's Challenge to his Bond Determination Fails.**

Generally, a district court may review bond hearing

determinations for constitutional claims and legal error. See Singh v. Holder, 638 F.3d at 1200. Here, Petitioner has failed to establish that his detention violates constitutional or federal law. First, the Court is without jurisdiction to consider Petitioner's first three arguments that the IJ improperly determined that he was a flight risk, that he should be released because his family needs him for support, and that the decision to detain him was based on an erroneous determination that he is a danger to the community. See ECF No. 1 at 6-7. These arguments challenge the IJ's discretionary judgment and the Court is without jurisdiction to consider these claims. See 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."); see also Prieto-Romero, 534 F.3d at 1058 ("discretionary decisions granting or denying bond are not subject to judicial review").

Petitioner's remaining argument that his due process rights were violated because he was denied the opportunity to demonstrate that he should not be detained is unsupported in the record. See ECF No. 1 at 8. The bond redetermination hearing occurred on March 6, 2014, approximately three months after

Petitioner was detained. The IJ noted that Petitioner had "the burden of proving by clear and convincing evidence that he does not pose a danger to the community and is not a flight risk," citing Matter of Guerra, 24 I. & N. Dec. 37, 38-40 (BIA 2006) and 8 C.F.R. § 1236.1(c)(3). ECF No. 1-10, Written Decision and Order of the IJ, Mar. 7, 2014, at 2. The IJ weighed the applicable factors and determined that Petitioner did not meet his burden of demonstrating that he would not pose and danger to persons or property and that he is not a flight risk. Id. at 7. The IJ considered evidence of Petitioner's lack of criminal history, his United States citizen children, his long residence and employment in the United States, and his filing of tax returns. Id. at 4-7. However, the IJ also considered Petitioner's re-entry into the United States without authorization after removal, his lack of property ownership in the United States, and his prior testimony that he shot and killed police officers and others in El Salvador. Id. There is no indication in the record that Petitioner was "denied the opportunity to demonstrate that he should not be detained." See ECF No. 1 at 8. Petitioner was represented by counsel at the bond hearing, presented evidence, and declined to testify. See ECF No. 1-10, Written Decision and Order of the IJ, Mar. 7, 2014. Procedural due process was satisfied in this case because Petitioner received a bond hearing where the IJ properly placed

the burden on Petitioner and applied the factors set forth in Guerra.[4]  See Prieto-Romero, 534 F.3d at 1066 (finding that the Guerra factors should be considered in bond hearings pursuant to § 1226(a)).  For these reasons, the Court finds that Petitioner's challenge to the IJ's decision fails, even putting aside the issue of exhaustion.

## CONCLUSION

This Court FINDS that Petitioner has failed to exhaust his administrative remedies, and, even putting aside exhaustion, his challenges to the bond determination fail.  Accordingly, the Court RECOMMENDS that the habeas petition be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MAY 20, 2015.

/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**MIRANDA V. ORMOND, CIVIL NO. 14-00536 LEK-RLP; FINDINGS AND RECOMMENDATION TO DENY PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS**

---

[4] Although Petitioner has now been detained for more than fourteen months since his bond hearing, it does not appear that Petitioner subsequently requested an administrative hearing under Casas-Castrillon and he did not raise any such issue in his Petition with the Court.  See Manzanarez v. Holder, Civ. No. 13-00354 SOM/BMK, 2013 WL 5607167, at *5 (D. Haw. Oct. 11, 2013) (noting that after an initial bond redetermination, the petitioner may file a motion with the agency to request a subsequent bond redetermination under Casas-Castrillon if the petitioner believed he was subject to prolonged detention).

11